J-A03005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HENRY SCOTT BAYNARD | |
| Appellant | No. 1273 MDA 2014 |

Appeal from the Judgment of Sentence June 26, 2014
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s): CP-31-CR-0000418-2013

BEFORE:  MUNDY, J., STABILE, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED APRIL 21, 2015**

Appellant, Henry Scott Baynard, appeals from the June 26, 2014 judgment of sentence of 15 to 30 months' imprisonment imposed after a jury found him guilty of one count of aggravated assault of a corrections officer.[1]  After careful review, we affirm.

The trial court has set forth the relevant factual history of this case as follows.

> On June 23, 2013, Appellant was an inmate at the State Correctional Institution of Smithfield (SCIS) located in Smithfield Township, Huntingdon County, Pennsylvania.  He was housed on A wing of A block.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2702(a)(3).

Corrections Officer (CO) Steven Friedenberger testified he was working the 6:00 a.m. to 2:00 p.m. shift on June 23 and was assigned to A wing of A block. He reported that at or around 11:00 a.m. he and two (2) other officers prepared the inmates to go to the chow hall. The procedure at SCIS, he said, was for inmates to move in a line to and from different locations of the institution. That morning, he said, he was in the control bubble where he could operate and open doors. After the inmates on A wing were lined up, a bell rang and Mr. Friedenberger said he opened the door that led from the block. That morning, he testified, [Appellant] held the door so that the line and the other two (2) officers could exit the block. After everyone was through the door, the witness said he saw Sgt. Guyton say something to [Appellant] who then closed the door to the block. Then he said he saw [Appellant] turn and punch Sgt. Guyton in the face with a closed fist. C.O. Friedenberger [testified] that he called the control center at SCIS for assistance.

C.O. Timothy Myers testified that he too was assigned to A wing that morning. He corroborated that during the process of running chow lines at noon, he saw the assault on Sgt. Guyton. He said that [Appellant] was holding the door from the block open, and that after the line and he and Sgt. Guyton went through, he gave [Appellant] two (2) direct orders to close the door. [Appellant], he said, did not comply. Sgt. Guyton, he said, then ordered the door closed and when [Appellant] refused, the Sergeant told him to "just take it back in" which was an order for [Appellant] to return to his cell. [Appellant], he said, slammed the door shut, took two (2) or three (3) steps, and then turned and hit Mr. Guyton in the head. The witness testified that he hooked the left arm of [Appellant] and that he and Sgt. Guyton took him down and handcuffed him.

Sgt. Gail Guyton testified in accord with the first two (2) witnesses. He however added that when ordered to close the door [Appellant]

- 2 -

responded "you're not burning my cellee from eating." Likewise, he said, when he ordered [Appellant] to return to his cell, Mr. Baynard said to him "you're not burning me from eating." [Appellant], he said, struck him in the face with a closed fist, and, as C.O. Myers became involved struck him again in the area of his eye. Sgt. Guyton testified that while he and C.O. Myers were taking him down, [Appellant] repeatedly hit him.

Photographs taken by the medical staff at SCIS were placed into evidence. The photographs depicted injury to Sgt. Guyton's face.

[Appellant] testified and candidly admitted hitting Sgt. Guyton twice on June 23, 2013. However, he testified that he did so "out of the belief that he would do some harm to me because of his demeanor and choice of words." He explained that he was holding the door open after the line had passed through for his cellmate who had missed breakfast and just gotten out of the shower. He repeated that he hit Sgt. Guyton the first time because he was afraid, and he hit him again because "it didn't look like it phased him at all."

The jury deliberated fifteen (15) minutes before returning its verdict. [Appellant] was sentenced [on] June 26, 2014, to pay the costs and to undergo imprisonment in a state correctional Institution for not less than fifteen (15) months or more than thirty (30), months. The sentence was ordered to run consecutively to any sentence or sentences that [Appellant] was serving.

Trial Court Opinion, 8/28/14, at 2-4 (internal citations omitted).

Appellant did not file any post-sentence motions. On July 25, 2014, Appellant filed a timely *pro se* notice of appeal. Counsel was appointed, and on August 21, 2014, counsel filed a timely concise statement of errors

- 3 -

complained of on appeal in accordance with Pennsylvania Rule of Appellate Procedure 1925.[2]

On appeal, Appellant raises the following issue for our review.

> [W]hether the evidence presented to the jury at trial was sufficient to establish each and every element of the offense of [a]ggravated [a]ssault[?]

Appellant's Brief at 3.

Appellant argues that there are "three possible mental states that may support [a] conviction of the crime of [a]ggravated [a]ssault." *Id.* at 7. Specifically, Appellant divides his argument into sections addressing attempt to cause injury, intentional injury, and knowing injury. *Id.* at 7-11. The crux of Appellant's argument is that he never intended to hurt Sergeant Guyton, but rather he struck him out of the belief that Sergeant Guyton would do some type of harm to Appellant. *Id.* at 8.

We begin by noting our well-settled standard of review. "In reviewing the sufficiency of the evidence, we consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the jury's verdict beyond a reasonable doubt." ***Commonwealth v. Patterson***, 91 A.3d 55, 66 (Pa. 2014) (citation omitted), *cert. denied*, ***Patterson v.***

_____

[2] On August 1, 2014, the trial court ordered said Rule 1925(b) statement filed within 21 days. On August 28, 2014, the trial court filed its Rule 1925(a) opinion.

***Pennsylvania***, --- S. Ct. ---, 2015 WL 731963 (2015). "The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." ***Commonwealth v. Watley***, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted), *appeal denied*, 95 A.3d 277 (Pa. 2014). As an appellate court, we must review "the entire record … and all evidence actually received[.]" ***Id.*** (internal quotation marks and citation omitted). "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." ***Id.*** (citation omitted). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013) (citation omitted), *cert. denied*, ***Diamond v. Pennsylvania***, 135 S. Ct. 145 (2014).

Instantly, Appellant was convicted of aggravated assault. A person commits aggravated assault if he "attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty[.]" 18 Pa.C.S.A. § 2702(a)(3). Subsection (c)(9) includes an "[o]fficer or employee of a correctional institution, county jail or prison, juvenile

- 5 -

detention center or any other facility to which the person has been ordered by the court…." *Id.* § 2702(c)(9).

Additionally, intent is usually proven by inference through circumstantial evidence. *Commonwealth v. Fortune*, 68 A.3d 980, 984 (Pa. Super. 2013) (*en banc*), *appeal denied*, 78 A.3d 1089 (Pa. 2013). "In determining whether intent was proven from such circumstances, the fact finder is free to conclude the accused intended the natural and probable consequences of his actions to result therefrom." *Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007) (quotation marks and citation omitted), *appeal denied*, 932 A.2d 74 (Pa. 2007).

Viewing the evidence in the light most favorable to the Commonwealth as the verdict-winner, we agree with the trial court that the evidence supports Appellant's conviction for aggravated assault. In its Rule 1925(a) opinion, the trial court concluded as follows.

> In this case, the burden on the Commonwealth was to prove beyond a reasonable doubt that [Appellant] either caused or attempted to cause bodily injury to Gail Guyton who was at the time of the offense engaged in the performance of duties as a corrections officer. Also, it was the burden of the Commonwealth to prove that [Appellant] acted intentionally or knowingly if he caused bodily injury or intentionally if he attempted to cause bodily injury.
>
> The testimony of the four (4) trial witnesses established beyond a reasonable doubt each of the elements of this crime. If there was any doubt about [Appellant]'s state of mind, the following testimony eliminated that doubt:

- 6 -

[A.D.A.]

Q. How many times did you strike Sergeant Guyton?

[Appellant]

A. Well I hit him once, and, you know, it didn't look like it phased him at all. As I told you before, I didn't want to get hurt. So I hit him again. After that C.O. Myers grabbed me, you know, took me to the ground. That was it.

N.T., [5/13/14, at 68-69].

Trial Court Opinion, 8/28/14, at 6-7.

The trial court's reasoning is supported by the record, and the trial court was free to conclude Appellant intended the natural and probable consequences of his actions when he purposefully struck Sergeant Guyton. **Bruce**, **supra**. Accordingly, we affirm the trial court's June 26, 2014 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2015

- 7 -